## Cornplanter Township Road (No. 2).

*Road law—Notice to borough officials—Act of May 2,* 1899, *P. L.* 176.

There is nothing in the title of the Act of May 2, 1899, P. L. 176, or in the body of the act, which requires notice of a proposed opening and construction of a new road to be given to borough officers.   If a borough has actual notice of such proceedings and its representatives are present at the view, it has no standing subsequently to object that written notice was not served on its officers, and that a duly attested copy of the notice was not filed in the office of the clerk of the quarter sessions.

Argued May 18, 1904.   Appeal, No. 154, April T., 1904, by Rouseville Borough, from order of Q. S. Venango Co., dismissing exceptions to report of viewers in the matter of Public Road in Cornplanter Township.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for public road in Cornplanter township.

Among the exceptions filed to the report were the following :

6. That no notice of an intention to present the petition or of the time and place of the view was served on the borough of Rouseville.

7. That no copy of a written notice to the borough of Rouseville or any of its officers or supervisors, properly attested, has been filed among the records of this court.

The court overruled the exceptions.

*Errors assigned* among others were in overruling the exceptions as above.

*F. W. Hays*, with him *Trax & Parker*, for appellant.

*William J. Breene*, with him *Edmond C. Breene*, for appellees.

OPINION BY RICE, P. J., July 28, 1904:

In our opinion disposing of the appeal of the Rouseville Real Estate Company we have passed upon all of the questions raised by this appellant, excepting that involved in the fourth and fifth assignments. Upon that question the learned judge below says: " The evidence shows that the borough had notice of the time and place of the view and was represented thereat by its burgess and two members of a special committee of three appointed by the borough council for that purpose." It is claimed by the appellant's counsel, however, that the proceedings are fatally defective because the record does not show that written notice was served on the officer having supervision of the highways of the borough—who that officer was is not stated—and that a duly attested copy thereof was filed in the office of the clerk of the quarter sessions, as required by the act of May 2, 1899, P. L. 176. The title of the act is, " An act requiring written notice to be served upon supervisors of the proposed opening and construction of new roads," etc. This gave no notice that the subject of the proposed legislation affected the rights or duties of boroughs or borough officers, and there is nothing in the body of the act to show that the legislature intended the law to have a broader scope than the title indicated. In Pennsylvania supervisors are township officers having administrative charge of its affairs. If the legislature had intended the act to apply to borough officers, we think they would have expressed their intention in different terms and would have designated the particular borough officer upon whom notice should be served. But speculation as to whether the omission of the legislature to do so was intentional or an inadvertent mistake would not be profitable, for in either case the omission is not one which the courts may supply by construction. " A case which has been omitted is not to be supplied merely because there seems no good reason why it should have been omitted, and the omission appears consequently to have been unintentional : " Endlich on Interpretation of Statutes, sec. 18.

Independently, however, of the act of 1899, it is within the power of the quarter sessions to require notice to be given to the burgess or council of a borough of a proceeding to lay out a road partly within the borough and partly in a township.    But in this case, according to the undisputed facts found by the court and set forth in its opinion, the borough not only had notice but its representatives were present at the view.    Therefore the borough has no substantial cause for complaint, and as the act of 1899 does not apply to boroughs the technical objection that a duly attested copy of notice was not filed is not valid.

All the assignments of error are overruled and the order is affirmed.